IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DAVID G. BYLSMA,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF HAWAII, *et al.*,<br><br>        Defendants. | Case No. 19-cv-00611-DKW-RT<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION IN PART WITH LEAVE TO AMEND.**[1] |

On November 7, 2019, Plaintiff David G. Bylsma, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP Application"), as well as a civil complaint against the State of Hawaii, the Hawaii Department of Human Services Pohulani Processing Center and the Administrative Appeals Office (DHS), Governor David Ige, and several DHS employees. Dkt. No. 1. Bylsma subsequently filed an "updated" IFP Application. Dkt. No. 6. Because the IFP Application reflects that Bylsma does not have the ability to pay the filing fee in this case, the Court GRANTS the IFP Application. However, because Bylsma has

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

sufficiently alleged only one cognizable claim in the complaint, his other asserted claims are DISMISSED, albeit with leave to amend to the extent permitted herein.[2]

I. **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. §1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Bylsma has made the required showing under Section 1915(a). In the IFP Application, Dkt. No. 6, Bylsma states that he is self-employed and earns around $350 per month. Further, Bylsma states that he receives no other income and has $350 in a checking or savings account. In light of these figures, Bylsma's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2019 Poverty Guidelines. *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines. In addition, Bylsma has

---

[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

insufficient assets to provide security. As a result, the Court GRANTS the IFP Application, Dkt. No. 6.

## II. Screening

The standard for dismissal under Fed.R.Civ.P. 12(b)(6) and under 28 U.S.C. Section 1915(e)(2)(B) is the same. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Jones v. Schwarzenegger*, 723 F.App'x 523, 524 (9th Cir. 2018); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (same standard under Section 1915A). The Court must take the allegations in the complaint as true, excluding those allegations that are merely conclusory, and if the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the Court must dismiss the action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court liberally construes a *pro se* Complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court cannot act as counsel for a *pro se* litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A. Bylsma's Claims

The thrust of Bylsma's Complaint, Dkt. No. 1, is that Defendants wrongfully withheld his SNAP benefits, *id.* at ¶¶ 7, 22–23, 32, and have yet to reimburse his SNAP account for the $1,200 in medical expenses that he paid out of pocket.[3] Bylsma asserts claims for compensatory and injunctive relief under 42 U.S.C. Section 1983; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*; and Section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 794. The individual "defendants are all being sued in their official capacit[ies] only." Dkt. No. 6, ¶¶ 2–3. For the reasons that follow, Bylsma has only alleged one plausible claim: A claim under 42 U.S.C. Section 1983 for prospective injunctive relief against the DHS employee Defendants.

### 1. Section 1983 Claims

First, "a State is not a person" for purposes of 42 U.S.C. Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *cf. Crumpton v. Gates*, 947

---

[3] The Supplemental Nutritional Assistance Program (SNAP), 7 U.S.C. §§ 2011 *et seq.*, commonly known as "food stamps," was established by Congress "to safeguard the health and well-being of the Nation's population by raising levels of nutrition among low-income households." 7 U.S.C. § 2011. Although there is some federal agency involvement in administering the SNAP program, *see* 7 U.S.C. §§ 2018, 2019, 2021; *Irobe v. United States Dep't of Agric.*, 890 F.3d 371, 375 (1st Cir. 2018), state and local agencies are responsible for determining eligibility and distributing SNAP benefits to participants. 7 U.S.C. §§ 2013, 2020(a), (d), (e). Participating States receive federal funding for SNAP benefits and 50% of the costs to administer the program. 7 U.S.C. §§ 2013(a), 2025. In return, States must administer their programs in accordance with federal statutory and regulatory requirements. *See* 7 U.S.C. §§ 2014–2015, 2020(e); 7 C.F.R. § 273.2.

F.2d 1418, 1420 (9th Cir. 1991) (listing elements for Section 1983 claim). Second, the majority of Bylsma's Section 1983 claims are barred by the Eleventh Amendment. Absent a valid federal statute unequivocally waiving a State's Eleventh Amendment immunity from suit, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Sossamon v. Texas*, 563 U.S. 277, 284–85 (2011) ("A State's consent to suit must be unequivocally expressed in the text of the relevant statute . . ."); *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (reiterating that "agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court."), *cert. denied*, 138 S. Ct. 459 (2017). Hawaii's DHS is clearly an arm of the State. *See Sato*, 861 F.3d at 928–34 (listing five factors considered in determining whether a government entity is an arm of the State, "the most important" of which is whether a judgment will be satisfied out of State funds). And Section 1983 does not override a State's sovereign immunity. *Will*, 491 U.S. at 67–68; *Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016). Therefore, Bylsma's Section 1983 claims against Hawaii and DHS are barred by the Eleventh Amendment. Because this defect cannot "possibly be cured by the allegation of

5

other facts," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995), Bylsma's Section 1983 claim against DHS and Hawaii is DISMISSED WITHOUT LEAVE TO AMEND.

Third, "[a] suit [for damages] against a state official in his or her official capacity . . . is no different from a suit against the State itself," *Will*, 491 U.S. at 71 & n.10; *cf. Hafer v. Melo*, 502 U.S. 21, 30–31 (1991), except that when a state official is sued in their official capacity, claims for *prospective injunctive relief* are not barred by the Eleventh Amendment. *Will*, 491 U.S. at 66; *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Pennhurst*, 465 U.S. at 102–03; *N.E. Med. Servs., Inc. v. Cal. Dep't of Health Care Servs., Health & Human Servs. Agency, Cal.* 712 F.3d 461, 466 (9th Cir. 2013).[4] As such, Bylsma's claims for prospective injunctive relief against the individual DHS employee Defendants may go forward, Dkt. No. 1, ¶ 51(d)–(e),[5] but Bylsma's claims for monetary relief under Section 1983 are barred by the State's Eleventh Amendment immunity. *Will*, 491

---

[4]*See also Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Edelman v. Jordan*, 415 U.S. 651, 664–68 (1974).

[5]It is true that "[i]n order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (emphasis in original). Here, it does not appear that the Ninth Circuit has addressed whether SNAP creates a federal right that is enforceable under Section 1983, but other circuits have held that various SNAP provisions are enforceable in a private right of action under Section 1983. *See, e.g.*, *Barry v. Lyon*, 834 F.3d 706, 716–18 (6th Cir. 2016) (concluding SNAP benefits and a fair hearing under 7 U.S.C. §§ 2014(a), 2020(e)(10) are enforceable rights); *Briggs v. Bremby*, 792 F.3d 239, 244 (2d Cir. 2015) (finding the time limits of 7 U.S.C. §§ 2020(e)(3) and (9) privately enforceable under Section 1983).

6

U.S. at 66–67; *Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016); Dkt. No. 1, ¶ 51(b), (g)–(i). Because this defect also cannot "possibly be cured by the allegation of other facts," *Lopez*, 203 F.3d at 1130, Bylsma's Section 1983 damages claims against the individual Defendants in their official capacity are DISMISSED WITHOUT LEAVE TO AMEND.

Finally, Bylsma has failed to state a claim against Governor Ige. Governor Ige does not oversee the administration of SNAP benefits and Bylsma has not alleged that Governor Ige engaged in any unlawful conduct. Indeed, Bylsma candidly admits that the Governor "committed no wrong doing and is being added as a defendant in an effort to grant immediate relief . . ." Dkt. No. 1, ¶ 3. Therefore, Bylsma's Section 1983 claim against Governor Ige is DISMISSED WITHOUT LEAVE TO AMEND.

### 2. Rehabilitation Act and Title II of the ADA

First, Bylsma's claims under Section 504 of the RA and Title II of the ADA fail because he has not alleged facts establishing that he is a "qualified individual with a disability." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (listing elements of RA and ADA-Title II claim); *see also Cohen v. City of Culver City*, 754 F.3d 690, 695 (9th Cir. 2014). Bylsma's bald

assertion that he "is qualified," Dkt. No. 1, ¶ 2, is not enough to state a claim. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678–81.

Second, a claim under Section 504 and Title II is cognizable only if the defendant acted with a "*mens rea* of 'intentional discrimination' . . ." *A.G.*, 815 F.3d at 1204 (citations omitted) (quoting *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001)). Here, setting aside Bylsma's rhetorical hyperbole and conclusory assertions, the "complaint does not contain any factual allegation sufficient to plausibly suggest [Defendants'] discriminatory state of mind." *Iqbal*, 556 U.S. at 683.

### B. The Complaint is Dismissed in Part with Leave to Amend

Bylsma has only stated a claim under 42 U.S.C. Section 1983 for prospective injunctive relief against the individual DHS employee Defendants. Bylsma's RA and ADA-Title II claims against the DHS employees and all of the claims against the State of Hawaii, Governor Ige, and DHS fail for the reasons discussed.

However, because it may arguably be possible for Bylsma to allege one or more plausible claims for relief, the Court will allow him leave to amend to the extent allowed herein. Bylsma is not required to amend his complaint, and instead he may opt to proceed solely on his claim for injunctive relief under Section 1983 against the DHS employee Defendants.

In any event, the Court will mail Bylsma a copy of a form complaint for use in a civil *pro se* proceeding, such as this one. Should Bylsma choose to use the form, he should answer **all of the questions** clearly and concisely. More specifically, Bylsma should set out each claim under a separate label or heading. Under each claim, Bylsma must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of Bylsma's right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks. All facts must be alleged in the amended complaint if Bylsma chooses to file one.

### III. Conclusion

Bylsma's application to proceed *in forma pauperis*, Dkt. No. 6, is GRANTED. This action is DISMISSED IN PART with leave to amend as set forth herein.

Bylsma may have until **January 17, 2020** to file an amended complaint. **The Court cautions Bylsma that failure to file an amended complaint by January 17, 2020 may result in the automatic dismissal of those claims that the Court has only thus far dismissed with leave to amend in this Order**.

The Clerk is directed to mail Bylsma a copy of form "Pro Se 1" "Complaint for a Civil Case" to assist Bylsma in complying with the directions set forth in this Order.

IT IS SO ORDERED.

Dated: December 18, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*David G. Bylsma v State of Hawaii, et al*; Civil No. 19=00611 DKW RT; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT REPAYMENT OF FEES OR COSTS; AND (2) DISMISSING ACTION IN PART WITH LEAVE TO AMEND**