IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DAVID G. BYLSMA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF HAWAII, *et al.*,<br><br>　　　　Defendants. | Case No. 19-cv-00611-DKW-RT<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO EXTEND TIME**[1] |

On December 18, 2019, the Court ordered that any amended complaint by *pro se* Plaintiff David Bylsma must be filed no later than January 17, 2020 and provided guidance to Bylsma regarding curing the deficiencies identified by the Court. Dkt. No. 8. The Court extended that deadline to February 3, 2020 upon Bylsma's request, even though Bylsma offered no explanation for his request. Dkt. No. 11. The Court cautioned Bylsma that future extensions would be denied unless he provided a sufficient justification. On February 10, 2020—*after* the expiration of the February 3, 2020 deadline—Bylsma filed a "Request to Extend Time," seeking leave of Court to allow Bylsma until March 1, 2020 to file an amended complaint. Dkt. No. 12.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

Because Bylsma has not shown that his failure to comply with the February 3, 2020 deadline was justified by "excusable neglect" or any other good cause, Bylsma's motion is DENIED.

Rule 6(b)(1) of the Federal Rules of Civil Procedure governs deadline extensions. That provision states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on **motion made after the time has expired** if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b)(1) (emphasis added). Rule 6(b) is to be "liberally construed" in accordance with Fed. R. Civ. P. 1 "to effectuate the general purpose of seeing that cases are tried on the merits . . . and to secure the just, speedy, and inexpensive determination of every action and proceeding." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citations and internal quotation marks omitted). It is within the sound discretion of the district court to grant or deny an extension of time. *See id.* Because Bylsma filed his motion after the February 3, 2020 deadline, Bylsma must show that he failed to act due to "excusable neglect" or other good cause.

"To determine whether neglect is excusable, a court must consider four factors: '(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" In re *Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Upon careful consideration of these factors, the Court concludes that Bylsma's neglect is not excusable.

First, Bylsma's failure to request an extension prior to the February 3, 2020 deadline hinders resolution of this case on the merits, and that in turn, causes prejudice to Defendants. Second, although the length of the present delay is not significant, the Court previously extended the deadline to February 3, 2020 when Bylsma filed a timely request, despite that he offered no explanation for his request. Dkt. No. 11. At that time, the Court cautioned Bylsma that subsequent requests would be denied unless he could show good cause. *Id.* And yet, Bylsma filed a second request to extend the deadline, this time late.[2] Third, Bylsma's proffered

---

[2]As one panel of appellate judges aptly observed:

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us . . . A good judge sets deadlines, and the judge has a right to assume that deadlines will

reason for the delay is, at best, feeble—Bylsma has simply cited his alleged mental disabilities and stated that he is "working on his complaints." Dkt. No. 16 at 2.[3] Indeed, Bylsma's explanation is hollow when the Court's orders were "*not ambiguous.*" *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994); *cf. Pioneer*, 507 U.S. at 398. Fourth, there is no indication whether Bylsma acted in good faith, or if Bylsma simply procrastinated or neglected to remember the deadline. Bylsma was afforded over a month to amend his complaint, and there is no evident reason why that could not have been accomplished. In fact, as of the date of this Order, Bylsma has now had nearly two months to amend his complaint and has not done so. In any event, the Court advised Bylsma in the December 18, 2019 Order that he was "not required to amend his complaint, and instead he may opt to proceed solely on his claim for injunctive relief under Section 1983 against the DHS employee Defendants." Dkt. No. 8 at 8. And that is precisely what we will do.

---

be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines.

*Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).
[3]Although Bylsma also submitted a psychiatrist's letter, nothing in the letter excuses Bylsma's neglect. The letter only states that Bylsma is diagnosed with mental disorders that "interfere with [his] social functioning" and render him disabled from work. Dkt. No. 16-1. It says nothing about his condition making it impossible for him to comply with the Court's Order. And the letter provides no insight into what Bylsma's condition has been like since the Court's December 18, 2019 Order.

In sum, the first, third, and fourth factors all weigh against finding excusable neglect. Therefore, the Court concludes that the balance of the inquiry militates in favor of denying Bylsma's motion. Accordingly, Bylsma's motion is DENIED, and this action shall proceed on Bylsma's sole remaining claim.

## CONCLUSION

For the reasons stated, Bylsma's Request to Extend Time, Dkt. No. 12, is DENIED.

IT IS SO ORDERED.

Dated: February 14, 2020 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

*David G. Bylsma v. State of Hawaii, et al.*; Civil No. 19-00611 DKW-RT;
**ORDER DENYING PLAINTIFF'S REQUEST TO EXTEND TIME**